## ATTACHMENT B

### Items to Be Seized

I. All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of 18 U.S.C. § 554(a), 18 U.S.C. § 1001(a)(2), including:

- A. Any records concerning research that ZHENG's conducted at or for the Beth Israel Deaconess Medical Center;

- B. Any records concerning OGT or other research that ZHENG intended to conduct in China;

- C. Any records concerning Zhang Tao or Wenlian Xie;

- D. Any records concerning the Sun Yat-Sen Memorial Hospital in China;

- E. Any records concerning the theft or misappropriation of biological materials, or other materials (including, but not limited to, research materials) from the Wei Lab by ZHENG or anyone else acting with or on behalf of ZHENG;

- F. Any records concerning ZHENG's efforts to smuggle goods, including, but not limited to, biological materials, from the Unites States;

- G. Any records concerning articles or research papers that ZHENG published, attempted to publish, or intended to publish in China;

- H. Any records concerning the theft or misappropriation of trade secrets or other intellectual property by ZHENG, or anyone acting with or on behalf of ZHENG, from the Wei Lab or any other entity;

- I. Any records concerning efforts by ZHENG, or anyone else working with or on behalf of ZHENG, to divert or misappropriate research from the Wei Lab

to China;

J. The payment, receipt, transfer, or storage of money or other things of value by Zaosang ZHENG, or any one of the names or entities listed above, including:

1. Bank, credit union, investment, money transfer, and other financial accounts;

2. Credit and debit card accounts;

3. Tax statements and returns;

4. Business or personal expenses;

5. Income, whether from wages or investments;

6. Loans;

J. The travel or whereabouts of ZHENG between July 17, 2018 and December 9, 2019.

K. The identity, location and travel of any co-conspirators, as well as any co-conspirators' acts taken in furtherance of the crimes listed above;

L. Evidence of who used, owned, or controlled the equipment;

M. Evidence of malicious computer software that would allow others to control the equipment, software, or storage media, evidence of the lack of such malicious software, and evidence of the presence or absence of security software designed to detect malicious software;

N. Evidence of the attachment of other hardware or storage media;

O. Evidence of counter-forensic programs and associated data that are

        designed to eliminate data;

   P.    Evidence of the times the equipment was used;

   Q.    Passwords, encryption keys, and other access devices that may be necessary to access the equipment;

   R.    Records relating to accounts held with companies providing Internet access or remote storage of either data or storage media; and

II.   Serial numbers and any electronic identifiers that serve to identify the computer equipment.

## DEFINITIONS

For the purpose of this warrant:

a. "Equipment" means any hardware, software, storage media, and data.

b. "Hardware" means any electronic device capable of data processing (such as a computer, digital camera, cellular telephone or smartphone, wireless communication device, or GPS navigation device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

c. "Software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

d. "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, USB or thumb drive, or memory card).

e. "Data" means all information stored on storage media of any form in any storage format and for any purpose.

f. "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

## Return of Seized Equipment

If, after inspecting seized equipment, the government determines that the equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity and accuracy (but not necessarily relevance or admissibility) for evidentiary purposes.

If equipment cannot be returned, agents will make available to the equipment's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, personally-identifying information of victims; or the fruits or instrumentalities of crime.